# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYGÅRD INTERNATIONAL PARTNERSHIP,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PARADIGM INTERNATIONAL, INC., a Florida Corporation; BHC INTERIM FUNDING II, LP and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. CV09-5101-ODW (SHx)<br><br>[Honorable Otis D. Wright, Courtroom 11]<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Plaintiff NYGÅRD INTERNATIONAL PARTNERSHIP ("Nygård"), having moved *ex parte* for a Temporary Restraining Order and an Order to Show Cause re Preliminary Injunction, which was granted on July 15, 2009 pursuant to *Federal Rule of Civil Procedure* 65, for the reason that Defendant PARADIGM INTERNATIONAL, INC., a Florida Corporation ("Paradigm" and/or "Defendant"), has refused, and continues to refuse, to release the bills of lading for Nygård's goods, and the Court having reviewed the briefings of Nygård and Paradigm relative to the Court's Order to Show Cause Re Preliminary Injunction, the Court finds that there is good cause appearing to grant a preliminary injunction as follows:

1. Nygård has met its burden demonstrating that it is likely to succeed on the merits on its claims against Defendant;

2. The failure by Defendant to release the bills of lading for Nygård's goods is resulting in, and will continue to result in, immediate and irreparable harm to Nygård, including damage to Nygård's reputation and goodwill;

3. Nygård's harm from denial of the requested injunctive relief is great, and there exists no harm to Defendant from granting Nygård's request; and,

4. The relief requested by Nygård is in the public's interest.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant and all persons and/or entities acting on its behalf, for its benefit or in active concert or participation with it, including but not limited to its parent companies and affiliated entities, shall be enjoined from refusing to release the bills of lading in Paradigm's possession for Nygård's goods and/or other documents in Paradigm's possession necessary for the release of Nygård's goods.

**IT IS FURTHER ORDERED THAT** Defendant shall pay Nygård's reasonable attorneys' fees and costs in the amount of $45,037.88, which were incurred by Nygård in connection with its request for injunctive relief. The Clerk of the Court is hereby directed to issue a check payable to "Nygård International

1  Partnership," which funds shall be deducted from the interpleader funds deposited
2  by Nygård on July 17, 2009.

3  **IT IS FURTHER ORDERED THAT** Paradigm has been in contempt of
4  this Court's July 24, 2009, TRO since it was entered, and shall therefore pay daily
5  sanctions directly to Nygård of $15,000 from July 24, 2009 until Paradigm fully
6  effectuates the release of Nygård's goods.  Each day after July 24, 2009, Paradigm
7  shall be sanctioned in additional incremental amounts of $5,000, payable directly
8  to Nygård, until the date that Paradigm fully complies with the Court's Order and
9  effectuates the release of Nygård's goods ($15,000 for July 26, 2009, $20,000 for
10 July 25, 2009 (total $35,000), $25,000 for July 26, 2009 (total $60,000), etc.)

11 **IT IS HEREBY FURTHER ORDERED THAT** Nygård shall deliver a
12 copy of this Order to Defendant forthwith.

14 **IT IS SO ORDERED.**

16 Dated:  July 24, 2009

        _____
        UNITED STATES DISTRICT JUDGE

Order Granting Preliminary Injunction
Case No. CV09-5101-ODW (SHx)